UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPEREXCHANGE, INC., | Case No. C-08-03875 JCS |
| Plaintiff(s), | |
| v. | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT RENDERED ON DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND RELATED PLAINTIFF'S MOTION [FRCP 59(e)] [Docket No. 100]** |
| DOCULEX, INC., ET AL. | |
| Defendant(s). | |

## I. INTRODUCTION

In this case, ExperExchange alleged that DocuLex's incorporation of ExperExchange's optical character recognition ("OCR") software into some of DocuLex's document management software products exceeded the scope of the license agreement between the parties. In an order filed November 16, 2009 ("the Summary Judgment Order"), the Court granted summary judgment in favor of Defendants and denied Plaintiff's motions to file a first amended complaint and for additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure.[1] Plaintiff now brings a Motion to Alter or Amend Judgment Rendered on Defendants' Summary Judgment Motions and Related Plaintiff's Motion [FRCP59(e)] ("Motion to Amend Judgment"), asserting that the Court should reconsider its decision in light of "new" evidence that it uncovered after Plaintiff filed its opposition brief.

For the reasons stated below, the Motion to Amend Judgment is DENIED. The hearing on the Motion to Amend Judgment set for March 12, 2010 is vacated. The hearing on Defendants' attorneys' fees motion, set for the same date and time, shall remain on calendar.

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND[2]

### A. The Summary Judgment Order

In its Summary Judgment Order, the Court ruled on two summary judgment motions by Defendants, as well as Plaintiff's motions to amend and for further discovery. The Court ruled in favor of Defendants on both summary judgment motions, finding that all of Plaintiff's claims were barred, in their entirety, under the doctrine of laches and further, that Plaintiff's claims failed, as a matter of law, to the extent they were based on Defendants' alleged incorporation of Plaintiff's RTK software into Defendants' Discovery Cracker product. In the same order, the Court denied a request by Plaintiff for additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure on the grounds that the discovery sought by Plaintiff would not change the Court's result and that Plaintiff had not acted diligently in pursuing discovery.

### B. The Motion to Amend Judgment

In its Motion to Amend, Plaintiff argues that the Court should reconsider its order granting summary judgment in favor of Defendants on the basis of purportedly new evidence. Defendants oppose the motion on the basis that the evidence was produced to Plaintiff on September 17, 2009, that is, seven weeks before the hearing on the summary judgment motion. Defendants argue further that even if the Court were to consider this evidence, it would not justify a different result and notes that at the November 6 hearing, the Court expressly addressed Plaintiff's "new" evidence and found that it did not provide a basis for denying summary judgment.

## III. ANALYSIS

Under Rule 59(e), reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Where a party seeks reconsideration on the basis of newly discovered evidence, "it must show not only that the evidence was unknown to it

---

[2] Because the Court's Summary Judgment Order includes a detailed set of undisputed facts, the Court does not repeat them here.

until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citations omitted). "Evidence is not newly discovered if it was in the party's possession at the time of . . . judgment or could have been discovered with reasonable diligence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n. 6 (9th Cir. 1994).

Here, Plaintiff brings a motion based on evidence that it received seven weeks before the hearing. Such evidence is not "new" for the purposes of Rule 59(e). Indeed, some of the evidence upon which Plaintiff now relies was discussed at the hearing and addressed in the Court's Summary Judgment Order. Further, Plaintiff has not shown that it acted diligently in obtaining and analyzing the evidence upon which it relies in its Motion to Amend Judgment. To the contrary, the Court finds that Plaintiff was not diligent in analyzing the evidence, which was in its possession weeks before the hearing.

**V. CONCLUSION**

The Motion to Amend Judgment is DENIED.

IT IS SO ORDERED.

Dated: March 4, 2010

JOSEPH C. SPERO
United States Magistrate Judge

3